Sandukht SHAKHIJANYAN, Petitioner,

v.

Michael B. MUKASEY,* Attorney General, Respondent.

No. 04–76760.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 18, 2007.

Submission Vacated May 25, 2007.

Resubmitted Feb. 25, 2008.

Filed Feb. 25, 2008.

* Michael B. Mukasey is substituted as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Boris Baladjanian, Valencia, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Mark L. Gross, Esq., Sarah E. Harrington, Esq., Nathaniel Pollock, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: FISHER and CLIFTON, Circuit Judges, and MARTINEZ **, District Judge.

## MEMORANDUM ***

Sandukht Shakhijanyan, an elderly widow with medical problems, petitions for review of the decision of the Board of Immigration Appeals affirming the immigration judge's denial of her application for asylum, withholding of removal, and relief under Article 3 of the Convention Against Torture. We deny the petition.

** The Honorable Ricardo S. Martinez, United States District Judge for the Western District of Washington, sitting by designation.

Shakhijanyan challenges the IJ's adverse credibility determination. We review adverse credibility findings under the substantial evidence standard, under which "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *See* 8 U.S.C. § 1252(b)(4)(B); *INS v. Elias–Zacarias,* 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). An adverse credibility finding must be "based on specific, cogent reasons that bear a legitimate nexus to the finding." *Zahedi v. INS,* 222 F.3d 1157, 1165 (9th Cir.2000).

The IJ denied Shakhijanyan's requested relief after finding that "the instant case is replete with inconsistent information, all of which goes to the very heart of [her] claim." Indeed, Shakhijanyan stated in her application for relief that she "escaped from Armenia" after having been persecuted by Armenian officials because she was a practicing Jehovah's Witness. At the merits hearing, however, she testified that she did not have any "difficulties" with the Armenian government and did not know her religious affiliation. Additionally, Shakhijanyan's daughter testified that the only reason Shakhijanyan came to the United States was because there was no one left in Armenia who could support her after her husband died. Because these inconsistent statements go to the heart of Shakhijanyan's claims for relief, we uphold the IJ's adverse credibility determination. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004).

In the absence of credible testimony, Shakhijanyan failed to establish eligibility for asylum, withholding of removal, and relief under the Convention. *See Farah v.*

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*Ashcroft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003). We therefore deny her petition for review.

Shakhijanyan is an elderly widow who suffers from physical and mental problems with little or no support in Armenia. We commend counsel for the Attorney General, who noted the possibility for further humanitarian relief, for which a Form I–246 application may be submitted, and urge the parties to pursue that option.

**PETITION DENIED.**

* This disposition is not appropriate for publication and is not precedent except as provided